# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TASHA PEETE-JEFFRIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02836-TLP-tmp |
| v. ) | |
| ) | |
| SHELBY COUNTY SCHOOLS BOARD ) | |
| OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Tasha Peete-Jeffries sued pro se under 42 U.S.C. § 1983. (ECF No. 7.) Defendant Shelby County Schools Board of Education moved to dismiss her complaint for failure to state a claim. (ECF No. 13.) And Chief Magistrate Judge Tu M. Pham ("Judge Pham") entered a Report and Recommendation ("R&R") recommending that this Court grant Defendant's motion.[1] (ECF No. 17.) Plaintiff responded to the R&R with two letters addressed to Judge Pham. (ECF No. 18 & 20.) The Court liberally construed those filings as a motion to amend and gave her 21 days to amend her complaint. (ECF No. 22.) That deadline has now passed, and Plaintiff has yet to amend her complaint.

As a result, the Court now considers the pending R&R. And for the reasons below, the Court **ADOPTS** the R&R (ECF No. 17), **GRANTS** Defendant's motion to dismiss (ECF No. 13), and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.

---

[1] The Court referred this case to the Chief Magistrate Judge for management of all pretrial matters under Administrative Order 2013-05.

# THE REPORT AND RECOMMENDATION

## I.     Case History

In the R&R, the Chief Magistrate Judge thoroughly outlined the history of this matter. (*See* ECF No. 17.)  For several years, Plaintiff has worked for Defendant at various schools in the county.  (ECF No. 7 at PageID 159.)  Beginning in December 2018, Defendant's employees allegedly started harassing and mistreating Plaintiff.  (*Id.*)  This harassment began after she complained to human resources about her evaluation scores and mistreatment from the administrators at Overton High School.  (*Id.*)  For example, she alleged that administrators began constantly observing her, even though human resources told her that administrators would stop evaluating her.  (*Id.*)  After Plaintiff filed a second complaint about the harassment, Defendant said it would transfer her to a different school.  (*Id.*)

Yet Defendant never transferred Plaintiff, and administrators at Overton High School kept evaluating her.  (*Id.*)  When an assistant principal came to evaluate her, Plaintiff told him that no one was supposed to observe her.  (*Id.*)  The assistant principal then reported to Defendant that Plaintiff refused to be evaluated.  (*Id.*)  When Defendant later sent someone else to observe Plaintiff, that observation did not count as an evaluation in her personnel record.  (*Id.*) This caused her ranking as a teacher to drop.  (*Id.*)

Plaintiff alleged that other incidents occurred where Defendant failed to support her.  For instance, Plaintiff confiscated a student's phone and sent the student to the principal's office. (*Id.*)  But the principal returned the phone to the student.  (*Id.*)  The next day, Plaintiff confiscated another student's phone but did not give it to the principal, because she "noticed a pattern of administrators not supporting [her]." (*Id.*)  When the student came to get his phone back, he blocked the doorway so that Plaintiff could not leave the room.  (*Id.*)

Following this incident, Plaintiff told school administrators that she was "tired of being harassed" and that she "would rather die than to continue to work at the school." (*Id.* at PageID 160.)  As a result, the school sent Plaintiff to a psychologist, who found that Plaintiff was "paranoid and not fit for duty." (*Id.*)  So Defendant made her take the rest of the school year off. (*Id.*)  When she applied for reinstatement the next year, Defendant denied her request. (*Id.*)

But after Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), Defendant moved her to Southwind High School. (*Id.*)  Defendants excessed her a few months later and moved her again to Sheffield High School. (*Id.*)  Shortly after starting at Sheffield, a yellow jacket wasp stung Plaintiff and she suffered a severe allergic reaction. (*Id.*)  As a result, Plaintiff took leave under the Family and Medical Leave Act ("FMLA") and missed much of the school year. (*Id.*)  After her FMLA leave ended, Defendant reinstated Plaintiff at a new school, but only after she contacted the Department of Labor and Wages about Defendant forcing her to take time off without pay. (*Id.*)

At the new school, administrators, and school board members continued to evaluate and harass Plaintiff. (*Id.*)  She did not secure another position for the next school year and all the positions she applied for disappeared from the application system. (*Id.*)  After recreating her applicant account, Plaintiff received a position at Cummings K-8, teaching a subject that she had never taught before. (*Id.* at PageID 161.)  There, she tried to talk to human resources about her medical restrictions, but no one ever responded to her emails. (*Id.*)  What is more, administrators evaluated her at least ten times but never gave her any feedback on her teaching. (*Id.*)

A few months later, Defendant transferred Plaintiff to a different school. (*Id.*)  She alleged that "based on the constant harassment, it seems that [Defendant is] trying to make it hard for me so that I can just resign." (*Id.*)

Plaintiff thus sued Defendant under 42 U.S.C. § 1983. (*Id.* at PageID 157.) And Defendant moved to dismiss her claims for failure to state a claim for relief. (ECF No. 13-1.) It argued that Plaintiff failed to allege that Defendant deprived her of a protected right. (*Id.* at PageID 189.) Nor did she allege that an unconstitutional municipal policy or custom caused her injuries. (*Id.*)

## II.     The Chief Magistrate Judge's Analysis

The Chief Magistrate Judge explained that § 1983 allows a plaintiff to sue "any person who, acting under color of state law, subjects 'any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law' of the United States." (ECF No. 17 at PageID 212 (citing *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001)). To state a claim under this statute, the plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused the deprivation while acting under color of state law. (*Id.* (quoting *Conexx Staffing Servs. v. PridgeStaff*, No. 2:17-cv-02350-SHM-cgc, 2017 WL 9477760, at *2 (W.D. Tenn. Nov. 3, 2018)). To meet this standard, Plaintiff must allege that Defendant deprived her of a constitutional or federal right. *Meals v. City of Memphis*, 493 F.3d 720, 727–28 (6th Cir. 2007).

The Chief Magistrate Judge found that Plaintiff failed to state a claim under § 1983. Although Plaintiff alleged that Defendant harassed her, she did not identify how this conduct violated a constitutional or federal right. (ECF No. 17 at PageID 213.) Judge Pham explained that plaintiffs can sometimes bring employment discrimination claims under § 1983, but not always. (ECF No. 17 at PageID 214 (citing *Burlington v. Bedford Cnty.*, 905 F.3d 467, 477–78 (6th Cir. 2018) and *Toth v. City of Toledo*, 480 F. App'x 827, 831 (6th Cir. 2012))). As for

Plaintiff's complaint, she "neither pleads that any of her constitutional rights (such as equal protection or due process) were violated nor allows for the court to infer that any of her constitutionally protected rights were infringed upon." (ECF No. 17 at PageID 214.) So "[w]ithout any factual allegations to plausibly allege a constitutional violation in support of her § 1983 claim, Peete-Jeffries's amended complaint must be dismissed." (*Id.* at PageID 215.)

What is more, Judge Pham found that even if Plaintiff alleged a constitutional violation, she failed to state a claim for municipal liability under § 1983. (*Id.*) This is because a school district can be liable under § 1983 only "if its own policies or customs infringed upon" a person's constitutional rights. *Beard v. Whitmore Lake Sch. Dist.*, 244 F. App'x 607, 610 (6th Cir. 2007). Yet Plaintiff failed to identify a school policy or custom that allegedly caused her injury. (ECF No. 17 at PageID 216.) For this reason too, Judge Pham recommends that this Court dismiss Plaintiff claims. (*Id.*)

## DISPOSITION

The Court has to review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* A district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

And a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). "A general objection that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the

5

magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted); *see also Howard*, 932 F.2d at 509 (finding that a general objection to the entirety of a magistrate judge's report "has the same effects as would a failure to object"). Also a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Plaintiff here responded to the R&R by filing two letters addressed to Judge Pham. (ECF Nos. 18 & 20.) In the letters, she asked the Court not to dismiss her claims and explained that "[w]hen I completed the paperwork to file a lawsuit, I was told to be very brief." (*See* ECF No. 18 at PageID 218.) She added that she "was under the impression that the right-to-sue letter, which stated the claims on there, was sufficient." (*Id.*) Then Plaintiff included new allegations about Defendant's discriminatory and retaliatory actions. (*Id.* at PageID 218–21; *see also* ECF No. 20 at PageID 225–26.) The Court liberally construed those two letters as a motion to amend her allegations. (ECF No. 22.) Yet, even after the Court allowed her time to amend, Plaintiff never amended her complaint.

Even if the Court construes these letters as objections to the R&R, she identifies no error in the Chief Magistrate Judge's recommendation. Her objections are general and identify no specific issues with the R&R. (*See* ECFs No. 18 & 20.) Indeed, Plaintiff hardly references the R&R, and rather than discuss the report, Plaintiff spends most of her objection restating the facts of her amended complaint and adding new factual allegations to support her claims. (*See* ECF Nos. 18 at PageID 218–21; 20 at 225–26.) All in all, Plaintiff's objection does not address the

reasons why the Chief Magistrate Judge recommended dismissal or why she objects to that conclusion.

What is more, Plaintiff never properly asserted her new allegations about Defendant's inappropriate and retaliatory behavior so Judge Pham could consider them.  So this Court gave Plaintiff time to amend the complaint but she chose not to.  And so this Court considers them inappropriate allegations at this stage.  *See Murr*, 200 F.3d at 902 n.1; *see also Israel v. Nw. Airlines*, No. 2:10-cv-02294-JPM-dkv, 2010 WL 5156657, at *3 n.1 (W.D. Tenn. Dec. 14, 2010).

In sum, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *Miller*, 50 F.3d at 380).  Plaintiff is, in effect, asking this Court to (1) accept the new allegations in her objections, even though she failed to amend her complaint, and (2) review de novo every matter involved in the R&R, without regard to specific issues or concerns.  As in *Slater* this is equivalent to a failure to object to the R&R.

The district court need not review de novo all aspects of an R&R when the party fails to object properly to it.  To do so would duplicate the efforts of the Chief Magistrate Judge and render the R&R useless.  *Hastings*, 2019 WL 3782198, at *1.  As a result, the Court finds Plaintiff has not properly objected to the Chief Magistrate Judge's findings.  And because Plaintiff has failed to object properly to the R&R, the Court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation.  Fed. R. Civ. P. 72(b) advisory committee notes.  Having reviewed the R&R and the record here, the Court finds no

clear error on the face of the record.  In fact, the Court agrees fully with the Judge Pham's assessment of Plaintiff's claims.

Plaintiff fails to allege that Defendant violated one of her constitutional or federal rights. Nor does she allege that Defendant had a policy or custom in place that violated her rights.  (*See* ECF No. 7.)  All in all, the Chief Magistrate Judge's R&R contains no clear errors, and even reviewing the report de novo, the Court agrees with all of the Chief Magistrate Judge's findings.

## CONCLUSION

For all the above reasons, the Court **ADOPTS** the R&R (ECF No. 17).  The Court therefore **GRANTS** Defendant's motion to dismiss (ECF No. 13) and **DISMISSES WITH PREJUDICE** Plaintiff's claims.

**SO ORDERED**, this 21st day of September, 2021.

     s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE